By the Couet.
The plaintiff having dealt with the committee as the committee of the school district, of which he *543 himself was a member, as an authorized committee of the district, having taken security satisfactory to himself, and having with his wife, made, executed, and acknowledged a conveyance to the district as a corporation and delivered it to a committee recognized by him as their authorized agents to accept it, is estopped to deny the authority of the committee, or the regularity of the meetings, at which they were chosen. The district was a corporation capable of taking a conveyance of real estate; School District in Stoneham v. Richardson, 23 Pick. 62; they must act by agents ; an acceptance of a deed by a committee recognized by the grantor as their agents, is, as against him, an acceptance by the district, and primd facie, vests the property in them. Delivery to a committee, to the use of the district, was a delivery to the district; and unless they denied the authority of the committee, the grantor could not.
The unauthorized and wholly unwarrantable act of the plaintiff, in getting possession of the deed, under color of doing an official act of duty as moderator of the district meeting, could not devest the title of the district, acquired by the execution and delivery of the deed.
But it is said that, at the time of the alleged trespass, the plaintiff was in actual possession, not having surrendered it, and therefore, trespass quare clausum fregit would lie. But this does not follow; if he was in possession, he was so of his own wrong; the right of possession followed the right of property, and the title being in the district, the entry of any committee man, or other member of the district, was not a wrong done to the plaintiff.

Judgment for the defendants.